GATY, McCUNE & Co. *v.* THE FRANKLIN MARINE AND FIRE INSURANCE COMPANY.—C. C. LATHROP, Garnishee.

When the answer of the garnishee admits in effect, the possession of funds belonging to the defendant, and he refuse to state their amount, a point upon which he was specially interrogated, he is presumed to have had a sufficient amount to satisfy the demand of the plaintiff.

Debtors cannot be permitted to tie up their funds indefinitely by putting them in the hands of an agent.

Until notice to third persons interested in the dedication of the fund, creditors may attach.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.

*C. B. Singleton*, for plaintiff.   *M. M. Cohen*, for the garnishee and appellant.

SPOFFORD, J.   The Franklin Marine and Fire Insurance Company, domiciled in the State of New York, had an agency in New Orleans, under the management of *C. C. Lathrop*.

The plaintiffs held adjusted claims for losses upon the company, which claims accrued in St. Louis, Missouri.

They brought suit upon these claims here, and prosecuted them to a judgment, contradictorily with the company, from which no appeal has been taken.

*C. C. Lathrop* was made a garnishee in the cause, and appeals from a judgment condemning him to pay the debt.

The cause turns wholly upon the sufficiency of his answers to interrogatories. Being asked: "Had you, at the date of the attachment in this case, or have you now, in your possession or under your control, any rights, credits, money or property, of any description whatsoever, belonging to the said Franklin Marine and Fire Insurance Company, or in which the said company is interested? If yea, state the value thereof. Are the rights, credits, effects, money and property of sufficient value to pay the plaintiff's claim, say $8,900, interest and costs?"

He answers: "No, but that, prior to the service of the writ and attachment on him in this case, he had some funds in hand under an arrangement with said company to hold them exclusively to pay any losses occurring at this agency; that with a view of closing said agency before the 1st day of January, 1854, he has applied, *and is applying* said funds to the re-insuring the outstanding debts and adjusting losses as far as said funds may go, and therefore will have nothing left in hand belonging to said company."

To the interrogatory: "Are you not the agent of said company? If yea, have you not bills receivable and other assets in your possession, or under your control, belonging to the said company? If yea, annex to your answers a full and detailed schedule of said bills receivable or other assets belonging to said company." He replied: "No, except for liquidating; that he had been agent, but closed the business with the end of the past year, as was determined on some time before. He had funds and bills receivable, as stated in his answer to interrogatory number one, but they were used, *and are being used*, for the purposes set forth in his answer to said interrogatory number one. Of those funds the said company had no control; they had endeavored to direct them to other uses than those above stated, but this respondent had resisted all such efforts, as said company had no right except to any balance that might have chanced to be due to them after closing up all the risks insured by this agency, and after payment of expenses, commissions, &c., &c."

The interrogatories were served on the garnishee on the 31st December, 1853, and answered on the 9th January, 1854.

The answers are far from being clear and categorical. They, however, in effect admit the possession of funds belonging to the company, and as the garnishee refused to state their amount, a point upon which he was specially interrogated, he is presumed to have had an amount sufficient to satisfy the demand of the plaintiffs. When the interrogatories were served, he was, by his own admission, the agent of the company; when he answered, he was still the agent, "for the purpose of liquidating."

He pretends to no claim to the funds in his own right; he discloses no third persons who had liens or any other vested rights upon the funds; he does not declare that any creditors of the company had been notified that the funds were held for their benefit; his only pretence is, that by his understanding of his agreement with his principals (an understanding to which it also seems the principals did not assent) he was, *as liquidator*, to keep the funds until he should finally pay up all losses occurring at the agency here, and re-insure at his leisure all outstanding risks, and pay expenses, commissions, &c. Then he admitted the company would be entitled to such balance as should chance to remain.

This statement is sufficient to vindicate the judgment appealed from. Debtors cannot be permitted to tie up their funds indefinitely, by putting them in the

35

GATY
*v.*
FRANKLIN INS.Co.

hands of an agent, even by instructing him to do what this agent assumes to do against the wishes of his principal. At least, until notice to third persons interested in the dedication of the fund, creditors may attach.

Judgment affirmed.